3r 57
120 925

## Amos T. Dwight and others *v.* Benjamin F. Linton.

An accommodation endorser, must be viewed in the light of a surety, and as such is entitled to discuss the property of his principal.

Discussion, like other dilatory exceptions, must be pleaded *in limine litis*. It cannot be received after issue joined.

Where a commission to take testimony has been duly executed, and returned into court, either party may use the evidence taken under it; and this right is not waived, by omitting to cross-examine the witnesses.

Art. 2256 of the Civil Code, which provides, that parol evidence shall not be received against or beyond what is contained in written acts, is inapplicable to a case where the defendant offers witnesses to prove that the endorsement of a note was merely as security, and that it was to be paid out of collections to be made by him from claims due to the drawer. The evidence neither explains, nor contradicts the written instrument, but goes to establish a collateral fact or agreement in relation to it.

APPEAL from the District Court of St. Landry, *Boyce*, J. The plaintiffs sue as endorsees of a promissory note made by Andrus & Harman, payable to the order of the defendant, and by him endorsed to the plaintiffs. Petition filed 13th April, 1840. On the 3d of June following, the defendant answered, that the plaintiffs had large claims against the commercial firm of Andrus & Harman, for whom he was acting as attorney; that he endorsed the

Dwight and others v. Linton.

note as such, having received no consideration therefor, and with the express understanding that the amount was to be paid from collections to be afterwards made by him out of debts due to the drawees; and that Andrus, one of the drawers, had since died, leaving both real and personal property in the parish, sufficient to satisfy the debt. He prayed for discussion of the property of the firm, and of the succession of the deceased partner; and propounded interrogatories to two of the plaintiffs, to establish the allegations in his answer. On the 28th November, 1840, the court ordered the interrogatories to be answered by the first day of the succeeding term. At the May term following, the defendant presented a list of property to be discussed, consisting of various notes and judgments belonging to the drawers, and including the property of the succession of Andrus, and moved the court to fix the amount necessary to carry on the discussion, which motion was overruled on the ground that he was not entitled to the benefit of discussion. The defendant excepted to this opinion; and in the course of the trial took two other bills of exception, noticed in the opinion of the court, *infra*. Two of the plaintiffs who were interrogated, answered, that the note was not given for any debt due to them by the defendant, but for a debt of Andrus & Harman; that it was taken by one George A. Trowbridge, who acted as their agent; that they knew nothing of the circumstances under which it was given, but from him; and that, from his statements, they are satisfied that there was no such understanding as to the mode of its payment as the defendant alleges. G. A. Trowbridge testified that he acted as agent for the plaintiffs; that the defendant endorsed the note to secure its payment, and that there was no condition attached to the endorsement; that the note was for a debt due by Andrus & Harman; and that he knows nothing of any such understanding, or agreement, as that alleged by the defendant. Judgment for the plaintiffs.

*Martin*, for the plaintiffs. An endorser cannot plead discussion. 2 Mart. 353. 11 Ib. 434. 1 Ib. N. S. 478. Civ. Code, 3014. Parol evidence is inadmissible as a substitute for a written instrument (3 Starkie, 998–9); or to contradict it (Ib. 1002, *note s*); or to show what was said at the time of its execution (1 Mart. N. S.

640.  2 Ib. 361.  3 Ib. 692.  3 Starkie, 1005); or to add to it (3 Ib. 1006–7–8); or to alter its legal effect.  3 Ib. 1008–9.

*I. E. Morse,* contra.  The judge, *a quo,* erred, in rejecting testimony to show that the note was to be paid from collections to be made by the defendant; in refusing him the benefit of discussion; and in permitting the plaintiffs to read the evidence taken under a commission by defendant, they having refused to propound any cross interrogatories, and the defendant having declined to use it. The authorities from Starkie, cited by the counsel for the plaintiffs, apply to negotiable paper in the hands of third persons.

MORPHY, J.  The defendant, endorser of a note drawn by Andrus & Harman, has appealed from a judgment decreeing him to pay its amount.  He has called our attention to three bills of exception, taken during the progress of the trial.

I.  The defendant moved the court to fix the amount, necessary to carry on the discussion of certain property he had pointed out as belonging to the drawers.  This the judge refused to do, on the ground that he was not entitled to the benefit of discussion.  The motion was in our opinion properly overruled, but not for the reason assigned by the judge.  An accommodation endorser, such as the evidence shows the defendant to have been, must be viewed in the light of a surety, and, like other sureties, is probably entitled to discuss the property of his principal.  The motion should have been overruled, because the plea of discussion came too late.  The defendant offered it about one year after his answer had been filed.  Like all other dilatory exceptions, it must be set up *in limine litis,* and cannot be received after issue joined.  Code of Prac. arts. 332, 333.  Civ. Code, art. 3015.  1 Pothier Oblig. p. 316, No. 411.

II.  The judge properly overruled the defendant's objection to the plaintiffs offering in evidence testimony obtained under a commission taken out by him, on the ground that as they had declined to putting cross interrogatories, the testimony was his, and could be used only by himself.  When a commission duly executed is returned into court, either party may use the testimony taken under it, and he does not lose this right by waiving that of cross-examining his adversary's witnesses.

III.  The defendant offered two witnesses to prove that his en-

dorsement on the note sued on, was merely as security, and that the same was to be paid out of collections to be made by him of claims due to the drawers, Harman & Andrus, and particularly out of a note due by Redmond & Harper, for about $1700, in his hands. The court refused to hear these witnesses, being of opinion that parol evidence could not be received to change, or modify a written contract. We think that the court erred. We have repeatedly held, that the article of our Code which provides that parol evidence shall not be received beyond, or against the contents of a written act, is inapplicable to a case of this kind. The evidence offered was neither to contradict nor explain a written instrument, but to prove a collateral fact or agreement in relation to it. 12 Mart. 402. 1 Ib. N. S. 90. 2 Ib. N. S. 122. 3 Ib. N. S. 268. But even had these witnesses been heard, and had they testified to the agreement relied on by the defendant, their testimony would have been outweighed by that adduced against him. Their evidence might have destroyed the proof resulting from the answers of the plaintiffs to interrogatories propounded to them by the defendant, in which they denied the existence of any such agreement; but there would still remain the testimony of George A. Trowbridge, one of the defendant's own witnesses, who was the person who received the note for the plaintiffs, and who positively denies that any condition was attached to the endorsement, which was given as an ordinary accommodation endorsement.

*Judgment affirmed.*