Seixas, Syndic, vs. Gonsoulin et al.

## No. 10,042.

### J. M. SEIXAS, SYNDIC, VS. ALFRED GONSOULIN ET AL.

Payment of a note by an endorser, actually bound, produces the legal effect of subrogating him to the rights of the last holder.

Money borrowed, for account of the borrower and applied to the payment of a note, at the request of the drawer, cannot be claimed by the indorser as being *his* money, though he subsequently issued his check to the original lender, in the absence of proof that the money was lent to *him*, the indorser.

The unimpeached and positive testimony of the lender that he lent to the borrower, and that he had no previous communication with any one else on the subject, outbalances altogether that of another witness, however respectable, who practically testifies from hearsay.

| 40 | 351 |
| 52 | 931 |

| 40 | · 351 |
| f120 | 656 |
| 120 | 925 |

| 40 | 351 |
| 122 | 735 |

A PPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*Bayne, Denégre & Bayne* for Plaintiff and Appellee :

An indorser or surety paying a note is legally subrogated to all of the rights of the holder of the note to whom such payment has been made, and this legal subrogation embraces the mortgage given to secure the note. C. C. 2161, 3052, 3053 ; 2 Martin N. S,. 161; 8 Martin Rep. 484, 706 ; 15 La. 213 ; 6 La. Rep. 479 ; 9 Ann. 248 ; 12 Ann. Rep. 9 ; Durac vs. Ferrari, 25 Ann. Rep. 81.

*Henry C. Miller* for Defendants and Appellants :

The payment of a promissory note by or for the maker, or by one not bound for it, extinguishes the note and the mortgage securing its payment. C. C. Arts. 2130, 3411, 2161 ; Nicholls vs. His creditors, 9th Rob. 476 ; 2d H. D., p. 1103, Nos. 1 and 9.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff sues, as syndic of Carrière & Sons, to participate in the proceeds of certain real estate judicially sold.

He alleges that the note on which he declares, and two other similar notes held by the Citizens Bank and by the Louisiana National Bank, were originally secured by vendor's privilege and special mortgage on the property in question ; that the note was, before its maturity, owned by the last named bank ; that, as indorsers thereon, A. Carriére & Sons took it up. He then contends that, as they became thereby subrogated to all the rights of the last owner, the proceeds of the real estate judicially sold must be distributed *pro rata* among the creditors of A. Carriére & Sons and the two banks.

The defense is, that the note was *paid* at its maturity by L. Brulatour, the drawer thereof, and not by A. Carrière & Sons; that it was marked "*paid*" at the time of payment and handed over in that condition.

There is no dispute that if A. Carrière & Sons paid the note they

are entitled to the relief sought. The note was drawn by L. Brulatour, to his own order, and was by him indorsed. A. Carrière & Sons were subsequent indorsers.

The suit is brought against the purchaser of the property, who retained the proceeds, but the banks are the real defendants at stake.

From a judgment in plaintiff's favor this appeal is taken.

It appears that on the day of maturity—May 19, 1884—of the note in question, which was for $5000, the drawer finding himself unable to honor it, requested the firm of P. E. Brulatour & Co. to make provision for it; that they, not being in funds, applied to Bertus & Durel, brokers in this city, to loan *them* the amount required; that these did so, by their check, to the order of P. E. Brulatour & Co., who deposited it in bank to their credit; that P. E. Brulatour & Co. then drew their check against the deposit to the order of the Louisiana National Bank; that on presentation of this check the note was marked "*paid*," and delivered to the person who brought the check.

It is also shown that A. Carrière & Sons, on the same day, issued a check of $5000, which went to Bertus & Durel; that they sent to the bank, in which the note had been deposited for collection, to ask that it be not marked "*paid*," as is occasionally done; but that the request came *after* the note had been paid, marked and delivered.

In order to determine the question as to *who* paid the note, it is necessary to ascertain *whose money* was used for the purpose.

If Bertus & Durel loaned the money, for which they issued their check, to A. Carrière & Sons, owing to some previous understanding with them, there can be no doubt that, although the check was made to the order of P. E. Brulatour & Co., was deposited by them and the proceeds used to take up the note, A. Carrière & Sons must be considered as having paid the note with money, which became *theirs* by the loan to them by Bertus & Durel, through P. E. Brulatour & Co.

The plaintiff relies, to establish this material fact, on the testimony of Nores, a member of the firm of P. E. Brulatour & Co., who says quite distinctly that the brokers' check was furnished at the instance of E. L. Carrière, a member of the firm of A. Carrière & Sons.

On the other hand, Bertus, of the firm of Bertus & Durel, heard as a witness, unequivocally says, that on the 19th of May, 1884, Thomas Brulatour, of P. E. Brulatour & Co., came to them and asked them to *loan them* a check of $5000, which they would return during the day, which they did, and that, within an hour or two afterwards, before

3 p. m., P. E. Brulatour & Co., returned them a check of A Carrière & Sons for a like amount. He adds that they had no communication with A. Carrière & Sons about the check, and that the check was furnished Brulatour at the request of Thomas Brulatour and *no one else.*

This clear and positive testimony in itself suffices to outbalance that of Nores (however respectable this witness be), which, on cross-examination, proved to be vague and indefinite, to lack substance and solidity, and, after all, nothing but hearsay.

It is unquestionable that had not Brulatour & Co. paid their debt with Carrière & Sons' check to Bertus & Durel, these could have sued them and would have had no right of action against Carriére & Sons.

We are satisfied that the evidence given by Bertus and corroborated by the surrounding circumstances, decidedly preponderates and justifies judgment in favor of the banks.

It is, therefore, ordered and decreed that the judgment appealed from be reversed, and it is now adjudged that plaintiffs' demand be rejected with judgment in favor of the defendants, with costs in both courts.

Rehearing refused.