## No. 10,687.

### SUCCESSION OF MARY BARRETT, WIFE OF W. H. BARRETT.

<table>
<tr><td>43</td><td>61</td></tr>
<tr><td>111</td><td>669</td></tr>
<tr><td>e111</td><td>671</td></tr>
<tr><td>43</td><td>61</td></tr>
<tr><td>120</td><td>925</td></tr>
</table>

1. Positive testimony by witnesses whose character and credibility are not impeached can not be overcome by suspicion founded on mere improbability of their statements when not shown to be in any sense impossible; especially when the judge a quo who heard the testimony has given credence to it.

2. The enforcement of the penalties against administrators for not depositing succession funds in bank lies within the sound discretion of the court a qua, which will not be interfered with by this court at the instance of appellants who are shown by the final account duly homologated to have no interest in the succession.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Branch K. Miller* for Opponents and Appellants:

A surviving husband has no power to incur debts for the succession of his deceased wife.

Succession of Mary Barrett.

All moneys received by an administrator, for account of the succession represented by him, should be deposited in bank, and there kept till disbursed by him in accordance with law. The violation of this rule subjects the administrator to dismissal from office and the payment of 10 per cent. upon the amount so deposited. 37 An. 405.

*Wynne Rogers* and *Ker & Duvigneaud* for the Administrator, Appellee.

The opinion of the court was delivered by

FENNER, J. The decedent left no estate except her share in the community of acquests and gains subsisting between herself and her surviving husband, who was appointed administrator of her succession. He filed a final account, to which the legal heirs of deceased made opposition on various grounds. The judgment of the court below maintained their opposition in certain respects, of which the administrator does not complain, and otherwise overruled it.

The only appeal is taken by the heirs, and that appeal is, by its terms, expressly confined to the judgment on the opposition above referred to. Appellants complain of error in this judgment in overruling their opposition to the claims of certain creditors, which are allowed on the administrator's account, the verity and reality of which they contest. Nothing but questions of fact are involved. We have examined the testimony with care.

The evidence in support of the verity of each claim is direct, positive and circumstantial, and supported by corroborating circumstance. The witnesses are not contradicted nor is their credibility impeached. Nothing in the record asperses their characters as upright and honest men, or indicates that they would become parties to such a criminal conspiracy to defraud a succession as that charged against them.

Appellants have nothing to rely on except the improbability that laboring men in their circumstances could have accumulated the sums represented by their claims.

One of them, Flood, is now, and has been for twenty-five or more years, a United States Government employé, receiving now $50 a month, and formerly a larger salary.

Another, Snell, is an iron moulder, now employed in the Whitney Iron Works at wages of $2.25 per day, and formerly engaged in railroad work in the West, with higher earnings. The third,

·Jaehme, has been employed on the police force of the city, and was formerly at railroad work in Mexico, where he claims to have accumulated the money with which he bought the note here claimed.

There is nothing intrinsically impossible about their claims, and the District Judge who heard the testimony maintained them. We can discover no sufficient ground for reversing his conclusion.

Even if we could, on this appeal, review the action of the judge *a quo* on the rule taken by the heirs to destitute the administrator and to subject him to the penalty denounced by Section 1463, Revised Statutes, for failure to deposit the succession funds in bank, it is clear we should not, under the circumstances of this case, interfere with the discretion vested in the judge in the enforcement of these penalties. Congregation vs. Farrelly, 34 An. 533.

Our rulings on the account show that the administrator has made no improper use of succession funds; that the debts which he has paid were justly due; that their payment saved the running interest thereon; and, moreover, that the complainants are without interest in the subject matter, because the account, as finally homologated, shows that the community was insolvent, and the heirs of the wife are entitled to nothing.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

FENNER, J. This application raises no question except as to the ·correctness of the statement in concluding portion of our opinion that "the community was insolvent and the heirs of the wife are entitled to nothing." This expression was not necessary, and is withdrawn. We do not find that the judgment appealed from ordered the items of "rents collected from October 1, 1886, to January 21, 1888," to be stricken from the asset side of the account. The correctness of the amended account filed under the order of the court is not before us. If it does not conform to the decree, relief may be had by proper proceedings in the court below.

Rehearing refused.