## No. 14,094.

## MRS. FELONISE ARCENAUX VS. ALEXIS ARCENAUX.

### SYLLABUS.

Where a charge of adultery, brought by a wife against her husband to obtain a divorce, rests entirely upon circumstantial evidence, which is met by the direct testimony of the young woman (since married) with whom the adultery is alleged to have been committed negativing the presumptions invoked, the conclusion of the trial judge, who believed this testimony, will be accepted as correct.

A PPEAL from the Fifteenth Judicial District, Parish of Calcasieu—*Schwing, J., ad hoc.*

*Sompayrac & Toomer,* for Plaintiff, Appellant.

*Pujo & Moss,* for Defendant, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff sought, in the District Court, to obtain a divorce from her husband, charging him with having committed adultery with a young white woman whom he had employed as a cook and to wait upon him. The evidence shows that the plaintiff and her husband had, for reasons not disclosed, been apart for a number of years; that the husband was living in a small house containing two

rooms—a kitchen and a bed-room—in which there was but a single bedstead, but with three matresses upon it; that the young woman slept at this house, and on one occasion slept in the same room with the defendant, though upon different matresses, which were laid upon the floor.

On that particular night, a son of the defendant and a young man, who shortly after this married the young woman, were on a visit at the house. They slept in one of the rooms and the defendant and the young woman occupied the other, as has been stated. Defendant is about sixty-five years of age, the woman about twenty-three. Both belong to the humbler and poorer class of the community in which they live.

Upon the facts here stated, and others which are not deemed necessary to be specially referred to, plaintiff invokes in support of her demand the decisions of this court in Mehle vs. Lapoyrollerie, 16 Ann. 4; Klapper vs. Klapper, 49 Ann. 243; and the presumptions referred to in the Second Edition of the American and English Encyclopedia of Law, under the notes 2 and 3, on page 752.

In the case of Mehle, this court declared that positive or direct evidence was not necessary to establish adultery; that where, from the circumstances proven, no other inference could be drawn, but that there was an improper intimacy or illicit connection between the parties, the fact of adultery, or concubinage, will be considered as substantiated. In the Klapper case this court referred, approvingly, to those expressions, adding that "a simple presumption may prove a fact in cases such as that we have now under consideration as well as in other cases." In the course of its opinion the court said it would not detail all the facts of the case, but there were a number of incidents giving rise to one inference only. It mentioned, however, as one of the facts shown "that after the wife had been compelled to leave her home because of the ill and violent treatment to which she was subjected, a young girl and her mother were received in the house, the young girl sent away her mother, expelled her from the house, and remained alone under circumstances not suggestive of absolute innocence in her relations with the defendant. One witness testified 'she was cooking there. She was a housegirl and everything.' "

The quotations from the Encyclopedia of Law are to the effect that "adultery will be inferred where the parties occupied a room having but one bed;" that "it was possible, physically, that persons may be in

the bed together without criminal intercourse; that courts of justice, however, cannot proceed on such ground. Finding parties in such a situation as presumes guilt generally they must presume it in all cases attended with these circumstances."

There are two classes of presumptions. The first-class are presumptions of law; known as presumptions *"Juris et de jure."* The second class are *"presumptions of fact."* Presumptions *of law* are those which by law are made to flow, necessarily and unavoidably, from certain established acts or facts. Presumptions of fact are those which are not made by law to flow necessarily and unavoidably from certain established acts or facts, but which are left to the judgment and discretion of the judge, as to whether they shall be drawn or not from such acts or facts. Article 2288 of the Civil Code declares that " the judge ought to admit none but weighty, precise and consistent presumptions."

The plaintiff's case rests entirely upon circumstantial evidence. Each case of that kind must be determined upon its own special facts and circumstances, and no two are presented to a court under testimony precisely alike.

In considering the facts presented by one of the parties to an action, as acts leading up properly and logically to certain presupmtions, the court should not disconnect the facts themselves from the relations of parties to each other—their conditions and surroundings and all other circumstances which tend to throw a side light upon their character. We are not disposing of the case at bar upon an issue as to the refinement or delicacy of feeling of the parties connected with this litigation, or as to their having or not a just conception of what a sense of propriety would and should exact in the relations of the sexes with each other. It may be conceded that they are wanting in refinement and delicacy in this respect, but it by no means follows from this fact that they are wanting in virtue or morality. Many things are permissible and give rise to no unfavorable comment in one community, and under certain conditions, which under different conditions and surroundings would create scandal and ruin reputations. It is a matter of which we all have knowledge that in some portions of the country, by stress of circumstance, women have been forced to occupy continuously the same room with men without their virtue being thereby called into question. The situation in this case was certainly calculated to give rise to grave suspicions, but the

young woman involved went upon the stand as a witness and testified most positively to her innocence. She stated that defendant slept on a matress upon the floor, while she slept on the bed, and that he had no attractions for her. The district judge who saw her and heard her and the other witnesses testify, and who, doubtless know her and the witnesses and the parties. believed her and the witnesses, whose testimony broke the force of that adduced on the part of the plaintiff, and we are not prepared to say that he erred in his conclusions. The fact of a man and a woman occupying, as these two did, the same room one night, was evidently not supposed by the parties to have carried with it the idea of criminality, for the act was done openly in the presence of two young men, one a son of the defendant himself, the other a young man whose faith in her chastity remained unbroken, as he subsequently married her. We cannot judge the acts of all persons by an unvarying standard. We must take into the account differences of class, of associations and of manners. Into this particular action matters of this kind enter as factors. The fact that the young woman whose good character is involved in this litigation took the stand in her own behalf, and testified as she did, removes the case from those which are determined simply on presumptions.

For the reasons assigned the judgment appealed from is, hereby, affirmed.

Rehearing refused.