NICHOLLS, J.
On the 25th oí February, 1907, Mrs. Elizabeth 0. Bagley, administra-trix of the succession of Thomas Bagley, filed a final account of her administration of that succession. She prayed that due notice be given by advertisement thereof, and that in due course it be homologated and made the judgment of the court; that she be authorized to pay all debts therein set forth; and that she be fully and finally discharged from all liability in the premises, and that her bond be canceled.
Walter S. Crawford made opposition to this account. In his petition and opposition he averred that each and every item of charges and debts due by the succession placed on the account of the administratrix are erroneous, and same are not due by it, and that if any amounts are due for any of the purposes stated in the account the amounts placed in the account are excessive and exorbitant, and demands strict proof thereof.
He specially opposed the items claimed to be due for inventories and appraisers, same being excessive and illegal, and all the other items of legal charges and costs of administration are excessive.
He specially opposed the items placed on said account as due John Grennan, amounting to $2,252.48. He averred that no part of said amount was due to said Grennan by the succession, or by the deceased, and required strict proof thereof. He prayed that his opposition be sustained, and that the ad-ministratrix be ordered to recast her account. The indebtedness of the succession to John Grennan figured in the account as follows:
First. To John Grennan — services as overseer for Thomas Bagley, during years 1903, 1904, and 1905, at $300 a year, $900.
Second. For managing estate during year 1906, $300.
Third. For amount paid by John Grennan at the request of Thomas Bagley, deceased, on March 4, 1906, to David Scally by check on bank of Abbeville to pay balance due on. certain promissory note, dated parish of Vermilion, La., April 1, 1906, for $1,500, payable three years after date to David Scally, or order, with interest at the rate of 6 per cent, per annum from date, and identified with act of mortgage in favor of said David Scally, recorded in vol. 6 of Mortgages, page 795, of the clerk and recorder’s office, Vermilion parish, La., appearing upon and affecting the property belonging to the above estate, which mortgage note was drawn and executed in solido by Rose Grennan, mother of Thomas Bagley, with interest on 'said amount from March 4, 1904, at the rate of 5 per cent, per annum amount of check. Interest at 5 per cent, from March, $918.50.
Interest at 5 per cent, from March 4, 1904, to February 4, 1907, $133.98.
The district court rendered judgment by which the active mass was increased by several small amounts. The claims of the notaries for fees and of the newspapers for advertisements were reduced, and the claim of John Grennan for $300 for managing the estate for 1906, as also the claim of John Gren-nan for $900 for services as overseer for the years 1903, 1904, and 1905. In other respects the account and tableau as filed was approved and homologated, the costs of the opposition to be paid by the succession.
No prayer for an amendment has been filed.
As matters have shaped themselves, the only matter placed before us for decision is the correctness or incorrectness of the judgment appealed from in so far as the claim marked herein under the heading “Third” is concerned. The question involved is a matter of fact. Did the money with which payment was made of the balance due on the note payable to David Scally belong to John Grennan or not. The claim is referred to by opponents as a claim based upon an alleged “loan” by Grennan to Bagley which narrowly escaped being prescribed. The claim is not based upon a “loan,” but upon *925 an alleged “payment” made by Grennan with his own money of a debt due by Bagley, and for his benefit. There is no question of prescription involved in the case. Appellee comes before this court as holding a claim recognized by the administrator as being one justly owing by the succession of Thomas Bagley, and further recognized as being such by the district court. Under such circumstances we would be warranted in reversing the judgment, only when there is evidence before us going to clearly show error in the court below.
The evidence adduced on the trial in support of Grennan’s ownership of the money with which the note was paid was affirmative and direct and positive on the subject. Opponent has no direct testimony to the contrary. He seeks to break the force of the affirmative testimony by deductions and presumptions from the facts shown. Unless the claimant swore falsely, his contention has been made out. Arcenaux v. Arcenaux, 106 La. 795, 31 South. 155; Seixas v. Gonsoulin, 40 La. Ann. 351, 4 South. 453; Succession of Barrett, 43 La. Ann. 61, 8 South. 438. We do not find in the testimony which was permitted to be adduced to show that the money with which the balance of the Scally note was paid belonged to Grennan, parol evidence going to vary or contradict the note. Dwight v. Linton, 3 Rob. 57.
For the reasons assigned, the judgment appealed from is hereby affirmed.