478 So.2d 638 (1985)
Jerry Allen GILLEY, Plaintiff-Appellee,
v.
Linda Reeder Gilley KETCHENS, Defendant-Appellant.
No. 17307-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
Dimos, Brown, Erskine, Burkett & Smith by Donald R. Brown, Monroe, for defendant-appellant.
Farrar & Jefferson by Stephen A. Jefferson, Monroe, for plaintiff-appellee.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
JASPER E. JONES, Judge.
Jerry Allen Gilley sued his former wife, Linda Reeder Gilley Ketchens, to partition the former community property by licitation. The trial court partitioned the movables, in kind, valued the movables received by each spouse and ordered the community home sold at a public sale. The defendant appealed contending part of the movables received by her as a portion of her share of the community were in fact her separate property and that one community truck received by the plaintiff was undervalued. The defendant further contended she should have been permitted to buy the home on terms directed by the trial judge and for this reason the necessity for a public sale had not been established and the partition by licitation should not have been ordered. The plaintiff neither appealed nor answered the appeal.
The plaintiff and defendant were divorced on February 22, 1980. They had been married for many years and had one daughter who was about 14 years of age at *639 the time this suit was filed in March, 1983. Included among the community property was a home located upon one acre of land, household furniture and a 1977 Chevrolet truck and bed. A description of other movable property belonging to the community is not necessary to this opinion.
On April 7, 1980 the litigants entered into a property settlement by the terms of which the plaintiff received the home and obligated himself to pay the defendant $30,000.00 in cash. The plaintiff failed to pay the consideration. Plaintiff and defendant desire to have this property settlement set aside.
The defendant has lived in the community home since 1963. The little girl born of the marriage lives in the home with her mother. The defendant desired to obtain the former community home as a permanent place for her and the child to live. She opposed the plaintiff's demand to partition the community by licitation and sought to be allocated the home pursuant to LSA-R.S. 9:2801.
Following a trial of the case the court rendered a written opinion wherein he valued the total community at $64,385.00 which included the sum of $43,000.00 for the home and the remainder was for the movables he determined belonged to the community. The trial judge allocated the home to the defendant and allocated to her movables in her possession having a value $5,835.00. The total value of the property allocated to the defendant was $48,835.00. The trial judge allocated to the plaintiff movables in possession of the plaintiff having a value of $15,550.00. The trial judge then reasoned that since each of the former spouses were entitled to property valued one-half of $64,385.00 (total value of the community) or the sum of $32,192.50. The trial judge found plaintiff was entitled to an equalizing amount being the difference between $32,192.50 and $15,550.00 which was the value of the movables received by the plaintiff. The equalizing figure was found by the trial judge to be $16,642.50 and the defendant was required to pay this amount to the plaintiff in order to carry out the partition as directed by the trial judge. The attorneys for the litigants were directed in the opinion, which was dated April 18, 1984, to advise the court of the method by which the defendant would pay the equalizing figure. The last paragraph of the opinion provided:
"If no reasonable plan is submitted within such period of time the Court will consider the statutory direction set forth in LSA R.S. 9:2801 (4e) as to public or private sale of these properties."
On August 3, 1984, the judgment was signed which ordered the public sale of the community home for the stated reason that the litigants had failed to submit a plan by which the defendant would pay the equalizing figure. This judgment partitioned the movables in kind belonging to the community between the litigants and valued the movables received by each.
The issues presented by this appeal are:
I. Did the trial court err when it ordered a public sale because the parties failed to agree upon a method of payment of the equalizing fund?
II. Did the trial court allocate to the defendant movables as community property which in fact belonged to her separate estate and did the trial court undervalue a community truck received by the plaintiff?
III. Did the trial court err when it refused to award appropriate credit to defendant for expenditures made by her from her separate funds to insure and repair the community property?

WAS IT ERROR TO ORDER THE COMMUNITY HOME SOLD AT PUBLIC AUCTION
The provisions of LSA-R.S. 9:2801 contain the rules applicable to dividing the community between the spouses where the parties cannot agree on the division.[1] The *640 statute directs the court to determine and value the assets, determine the liabilities and adjudicate the claim of the parties. The statute then directs the court to divide the assets so that each party receives property of equal net value. In the event the partition of the assets results in an unequal net distribution the court is directed by the statute to order the payment of an equalizing sum of money. "... either cash or deferred, secured or unsecured upon such terms and conditions as the court shall direct." The court may order the equalizing sum to be represented by a note secured by a mortgage. The statute directs the court to consider the nature of the asset, the economic condition of the spouses and all other relevant circumstances when making the determinations required to facilitate the partition.
In the event the court cannot determine the meritorious manner in which to partition the community in kind, the statute directs the assignment of the property be made by drawing of lots. If the partition *641 cannot be accomplished by drawing lots the court can order a private sale on terms directed by the court. The statute provides, as a last resort, the partition by licitation and requires the court to specifically state at the time the partition by licitation is ordered why the partition could not be accomplished by allocation by the court, by the drawing of lots or by private sale.
Where the evidence does not establish that the methods of partition preferred by the statute cannot be used, an order of partition by licitation will be set aside. Cheramie v. Bone, 444 So.2d 200 (La.App. 1st Cir.1983).
The trial judge's written reasons ordering the partition in kind between the plaintiff and defendant reflect the trial judge had in many respects closely followed the directions contained in LSA-R.S. 9:2801. He determined and valued the assets based upon stipulation of the parties and the testimony of the witnesses. He proceded to divide the assets, by allocation of the movables, to the respective parties who had possession of them (or who had earlier disposed of them) and he allocated the home to the defendant who had long lived in it with a child born of the marriage. Because the equitable allocation of assets made by the trial judge resulted in the defendant receiving net value in excess of that received by the plaintiff, the trial judge ordered the payment of an equalizing sum to the plaintiff by the defendant. The trial judge directed that the litigants confer and reach an agreement on the manner in which the equalizing sum was to be paid and submit the plan to the judge. The written reasons provided that in the event the parties could not agree upon the method of payment of the equalizing fund, the court would then order a partition by private and public sale.
The parties submitted to the court no plan for the payment of the equalizing fund and the court ordered the partition of the immovable property by licitation.
The statute does not authorize the court to direct the payment of the equalizing fund on terms and condition to be agreed upon by the litigants. The litigants are governed by the statute because of their inability to agree upon the terms of a partition. It would be unreasonable to expect them to agree upon a method of payment of equalizing funds which is necessarily an essential part of a partition. The statute directs the judge to direct the details on how the equalizing fund is to be paid based upon all the circumstances of the case and the trial judge failed to comply with this mandate of the statute. The trial judge was required by the statute to give the reason for the licitation order and he gave as the reason for it the failure of the litigants to agree upon the manner of paying the equalizing fund. The reason given cannot support the licitation order because the trial judge should never have left the consummation of a partition devised by him subject to a meeting of the minds of the litigants. If the judge had followed the statutory scheme and directed the manner of payment of the equalizing fund the partition may have been consummated, or in the event the partition was not accomplished in this manner, a partition of the property by private sale was a viable option. The provision in the judgment ordering the partition of the property by licitation must be reversed.

WERE THERE ANY ITEMS BELONGING TO DEFENDANT'S SEPARATE ESTATE THAT WERE ALLOCATED TO HER AS COMMUNITY PROPERTY. WAS A COMMUNITY TRUCK ALLOCATED TO THE PLAINTIFF UNDERVALUED
The defendant contends that part of the property allocated to her as community property belongs to her separate estate. She complains that she was charged with the value of this separate property by the trial judge as he determined the total net value of community property which she received. Among the property which the defendant contends falls into this category is a master bedroom suite valued at $750.00 *642 which the plaintiff has admitted in his brief filed in this court is her separate property. This admission, along with other evidence, establishes the trial court was clearly wrong in concluding this bedroom suite was community property and the total value of the property received by the defendant must be reduced by $750.00. We find no other community categorization by the trial court on movable property received by defendant to be clearly wrong and subject to change on appeal.
The defendant contends that a 1977 truck and bed allocated to the plaintiff and valued at $3,500.00 was undervalued. She contends it should have been valued at $4,500.00 because plaintiff testified he sold it for this sum. In brief before this court plaintiff admits he sold the truck for $4,500.00, though $3,500.00 of the purchase price remains unpaid. We find the trial court should have valued the truck at $4,500.00 as this was the value as established by the sale. Plaintiff does not contend the credit portion of the price is uncollectable.

SHOULD DEFENDANT HAVE RECEIVED CREDIT IN THE PARTITION FOR SEPARATE FUNDS EXPENDED BY HER TO INSURE AND REPAIR COMMUNITY PROPERTY
The parties at trial each established the expenditure of various sums to protect and preserve community property by paying sums owed upon it or paying premiums to insure it, or by making necessary repairs to the community property. The trial judge refused to consider the expenditure of these sums by the respective parties in making his initial proposed community property settlement pursuant to LSA-R.S. 9:2801 wherein he gave the home to the wife subject to her payment of the equalizing fund. The judgment appealed does not contain the trial court adjudication rejecting the consideration of these expenditures by the parties nor does it contain an adjudication of the equalizing fund. The judgment provided that the proceeds of the sale were to be deposited in the registry of the court subject to further order of the court. Because the rejection of the claims of the spouses for expenditures in connection with the community property and the establishment of the equalizing fund are not contained in the judgment appealed, we leave these issues to be redetermined on the remand of the case which we shall here order. We note the trial judge erred when he rejected from his proposed community property settlement considerations of the parties' claims for their respective expenditures related to community property. LSA-C.C. art. 2365[2] requires a spouse to be reimbursed for one-half of separate funds used to pay community debts. LSA-C.C. art. 2367[3] requires the reimbursement to a spouse for one-half of the separate funds expended by the spouse for the improvement or benefit of the community property. See Gachez v. Gachez, 451 So.2d 608 (La.App. 5th Cir.1984), writ den., 456 So.2d 166 (1984).
We amend the judgment appealed to decrease the value of the community movables received by the defendant by $750.00 *643 and to increase the value of the community movables received by the plaintiff by $1,000.00. We reverse and set aside the third paragraph of the judgment which orders a public sale of the home property. In compliance with the stipulation of the litigants we reverse and set aside the community property settlement executed by them on April 8, 1980 and recorded in Conveyance Book 1192 under.D.R. No. 812700, records of Ouachita Parish. As amended we affirm the judgment and remand the case to the trial court for completion of the partition pursuant to LSA-R.S. 9:2801 and partition priorities therein set forth. The trial court is directed to reestablish the equalizing figure taking into consideration the expenditures related to the community property made by the parties from their separate estates and the reimbursements to which they are entitled by law.
The court is directed to hold a hearing related to the circumstances of the immovable property and the economic circumstances of the defendant and then direct, based upon the evidence so obtained, the manner in which she shall be required to pay the equalizing fund, all pursuant to the guidelines contained in the statute.
All costs on appeal to be assessed equally between the litigants.
NOTES
[1] § 2801. Partition of community property and settlement of claims arising from matrimonial regimes

When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with the following rules:
(1) Each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. Each party shall affirm under oath that the detailed descriptive list filed by that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive lists shall be permitted. No inventory shall be required. Upon motion of either party, the court shall set a time limit for the filing of each detailed descriptive list.
(2) Each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. Upon motion of either party, the court shall fix a time limit within which each party shall either traverse or concur. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
(3) The court may appoint such experts pursuant to Articles 192 and 373 of the Louisiana Code of Civil Procedure as it deems proper to assist the court in the settlement of the community and partition of community property, including the classification of assets as community or separate, the appraisal of community assets, the settlement of the claims of the parties, and the allocation of assets and liabilities to the parties.
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the right of creditors.
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
(d) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.
(e) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale.
[2] Art. 2365. Satisfaction of community obligation with separate property

If separate property of a spouse has been used to satisfy a community obligation, the spouse, upon termination of the community property regime, is entitled to reimbursement for onehalf of the amount or value that the property had at the time it was used.
Reimbursement may only be made to the extent of community assets, unless the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community. In the last case, the spouse is entitled to reimbursement from the other spouse even if there are no community assets.
[3] Art. 2367. Use of separate property for the benefit of community property

If separate property of a spouse has been used for the acquisition, use, improvement, or benefit of community property, that spouse upon termination of the community is entitled to one-half of the amount or value that the property had at the time it was used if there are community assets from which reimbursement may be made.
. . . . .