547 So.2d 752 (1989)
William John LANDWEHR
v.
Judith Wall, Wife of John LANDWEHR.
No. 88-CA-1130.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1989.
*753 Glenn E. Diaz, Chalmette, for plaintiff/appellant.
Charles P. Ciaccio, New Orleans, for defendant/appellee.
Before GARRISON, ARMSTRONG and BECKER, JJ.
BECKER, Judge.
William John Landwehr and Judith Wall Landwehr married on August 21, 1954 and thereafter established their matrimonial domicile in the Parish of St. Bernard. On April 16, 1984, a petition for separation was filed by Mr. Landwehr. The parties were *754 judicially separated on July 12, 1984, and a divorce was obtained on May 30, 1985. Mr. Landwehr has had sole occupancy of the family residence since April 16, 1984.
On August 31, 1987, Mrs. Landwehr filed a motion asking the court to order joint possession of the family residence. On October 7, 1987, Mr. Landwehr filed a petition for partition of the parties' community property. Mrs. Landwehr's motion was denied and the partition was set for trial. At the trial the judge disallowed Mr. Landwehr's claim for reimbursement resulting from his use of alleged separate property to pay community obligations during the marriage. The judge also ruled that a certain 1978 Chevrolet Malibu acquired during the marriage was the separate property of Mrs. Landwehr; that Mrs. Landwehr was entitled to full credit for the entire amount she allegedly spent to improve the community home; and that Mr. Landwehr owed ½ of fair rental value of the community home to Mrs. Landwehr from the date that he exclusively occupied the home until the day of trial. From these decisions Mr. Landwehr has taken this appeal. Mrs. Landwehr answered this appeal asserting that the trial court erred in failing to insert the actual formula of Sims v. Sims, 358 So.2d 919 (La.1978), with the pertinent data in its judgment as opposed to merely citing the case name in the judgment, and that the trial court further erred in ordering Mrs. Landwehr to contribute 50% of the amount necessary to repurchase any years of retirement of Mr. Landwehr.

ASSIGNMENT OF ERROR NUMBER 1
The appellant contends that the trial judge erred in declaring the 1978 Chevrolet Malibu acquired during the marriage as separate property of the defendant appellee. We disagree.
The appellant, Mr. Landwehr, admitted that in 1987 his wife received the proceeds from a life insurance policy on one of their children who had recently died and that he had wanted no part of the proceeds. The appellee testified that she opened a savings account with the insurance money on June 28, 1978, and a statement showed the balance to be $2,015.22. Mrs. Landwehr further testified that she paid $2,000.00 for the vehicle with the funds from the savings account. Also offered into evidence was a copy of the title to the automobile in the name of Judith Landwehr, dated December 2, 1982. The trial court questioned Mrs. Landwehr concerning the various deposits of funds into the account and the payment on the vehicle. The trial judge was impressed with Mrs. Landwehr's credibility and felt there was a reasonable factual basis to conclude that the vehicle had been purchased with her separate funds.
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in absence of manifest error." Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find the trial court did not commit manifest error in finding that Mrs. Landwehr had purchased the vehicle with her separate funds. Therefore we find this assignment of error is without merit
ASSIGNMENT OF ERROR NUMBER 2
The appellant complains that the trial judge erred in refusing to acknowledge, recognize and give credit for using $2,150.93 of his separate property to pay community obligations. The appellant stated that he received $5,046.71 in death benefits as a named beneficiary on policies insuring the life of his mother, which he deposited into the community checking account in 1977. The appellant further stated that the community had been terminated since April 16, 1984, and that in 1987 he prepared a printout to reconstruct the events in the community checking account which had occurred in 1977.
The trial judge excluded from evidence copies of the community bank statements, cancelled checks, and the appellant's computer printout summary of all activity in that account during the period that his separate funds were deposited therein.
After a review of the proffered evidence we feel that even if the evidence were admissible it would not refute the finding of the trial judge that Mr. Landwehr commingled *755 his separate funds indiscriminately with the community funds to the extent that they could not be identified or differentiated from the community funds. The fact that Mr. Landwehr could prepare, in 1987, a list of the transactions that occurred ten years before in 1977 and could assign community or separate status to those transactions fails to convince us that no commingling of the funds occurred.
The Third Circuit in Gregory v. Gregory, 223 So.2d 238 (La.App. 3rd Cir.1969) held:
"When separate funds are mixed or co-mingled (sic) with community funds to the extent that the separate funds are no longer capable of identification, and it is impossible to establish what part of the funds belongs either to the separate estate or to the community, then all of said funds are regarded as belonging to the community. If only a relatively small of amount of community funds are co-mingled, (sic) with separate funds, then the mixing of such funds will be considered as inconsequential, not sufficient to constitute a co-mingling, (sic) and it will not warrant the designation of all such funds as community property."
And in Curtis v. Curtis, 403 So.2d 56 (La.1981) the Louisiana Supreme Court stated:
"We have stated in cases involving bank accounts that the mere mixing of separate funds and community funds in the same account does not of itself convert an entire account into community property; only when separate funds are commingled with community funds indiscriminately so that the separate funds cannot be identified or differentiated from the community funds are all the funds characterized as community funds. Graves v. United States Rubber Co., 237 La. 505, 111 So.2d 752 (1959), Bruyninckx v. Woodward, 217 La. 736, 47 So.2d 478 (1950).
and further that:
"Where separate funds can be traced with sufficient certainty to establish the separate ownership of property paid for with those funds, the separate status of such property will be upheld." Graves v. United States Rubber Co., (supra), and Betz v. Riviere, 211 La. 43, 29 So.2d 465 (1947).
In the instant case the appellant's printout shows that for the period from February 26, 1977 to June 24, 1977, $5,018.19 in insurance proceeds were deposited into the community checking account together with $3,180.00 in other acknowledged community funds. We do not believe that these sums represent a relatively "small amount" of community funds commingled with separate funds insufficient to constitute commingling. When the insurance proceeds were mixed with the community funds that were deposited over the six month period, the separate funds lost their ability to be traced and thus were commingled with the community in their entirety. Therefore, we find this assignment also to be without merit.

ASSIGNMENT OF ERROR NUMBER 3
The appellant contends that the trial judge erred in giving full credit to Mrs. Landwehr for allegedly using $1,270.00 of her separate funds to improve the community home inspite of the fact that she could only offer proof of $963.00 in expenditures.
Mrs. Landwehr claims that she took out a bank loan in the amount of $1,270.00 to pay for her share of the renovations to the community home. However, she produced no receipts or invoices to support her claim for reimbursement of renovation expenses.
The evidence reveals that the bank loan was originated on November 14, 1985 and some ten months later, on September 29, 1986 the note was marked "paid". She further stated that she incurred approximately $500.00 in other additional expenses, although she could not produce any invoices or bills to support her claim other than one cancelled check for $963.00.
In the Succession of Blythe, 496 So.2d 1180 (La.App. 5th Cir.1986) the court noted:
"Under the articles providing for reimbursement of separate funds, the burden of proof is on the party claiming reimbursement."
In Patterson v. Patterson, 417 So.2d 419 (La.App. 1st Cir.1982), the court held:
"The burden of proof is on the party claiming he made loans to the community *756 to show that separate funds existed and that those funds were used for the benefit of the community. See Adams v. Carter, 393 So.2d 253 (La.App. 1st Cir. 1981).
The evidence shows that Mrs. Landwehr borrowed $1,270.00 on November 14, 1985. The note was marked paid on September 29, 1986, some ten months later. Mrs. Landwehr claims that $963.00 of that loan went towards the roof repairs by virtue of a check written on November 10, 1986, which was after the note had already been repaid. Mrs. Landwehr further claims that she spent a total of "seventeen something" on renovations, but she could not produce any proof to support her claim other than the one $963.00 cancelled check.
An examination of the exhibits shows that the majority of the renovations were done in the latter half of 1986 which is the same approximate time the loan was repaid and then marked "paid." We fail to see how Mrs. Landwehr would have had to borrow funds to improve the community home, yet have repaid the note in full before the renovations were complete, and still have expended a total of "seventeen something" without any proof of any other expenditures. We feel the trial court manifestly erred in granting the appellee full credit for using $1,270.00 of her separate funds to improve the community home where the appellee has failed to prove that those funds were used to the benefit of the community. Absent compelling proof that a strong and substantial economic advantage inured to the community, the claim for restitution should be denied. Succession of Blythe, supra; Succession of Vice, 385 So.2d 554 (La.App. 3rd Cir.1980).
Under La.C.C. arts. 2365 and 2367 the appellee is only entitled to a credit of ½ of the amount expended when separate property has been used for the benefit of the community. Mrs. Landwehr is entitled to a credit of ½ of the $963.00, or $481.50 which is the amount she has proven she used to improve the community home.
ASSIGNMENTS OF ERROR NUMBER 4
The appellant contends that the trial judge erred in awarding $6,300.00 in rental payments to Mrs. Landwehr because of the appellant's exclusive use of the community home, from the time that Mrs. Landwehr left the matrimonial domicile on March 14, 1984 until the time of trial, October 30, 1987.
Louisiana Revised Statute 9:308, subsection B provides that:
"A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court."
Therefore, the trial court has discretion to assess rent if the facts so warrant. Mr. Landwehr asserts that the parties entered into an agreement whereby Mrs. Landwehr would receive alimony at a time when both parties knew that Mr. Landwehr would continue to occupy the community home alone. He further stated that it was never contemplated that he would pay rent to his ex-wife.
The appellee contends that no such agreement existed and that there is no evidence of any such agreement in the record. Mrs. Landwehr presented evidence at the trial through an expert appraiser that the fair rental value of the property was $300.00 per month during the time of Mr. Landwehr's occupancy. After a review of the record and evidence we do not find that the trial judge committed manifest error in awarding Mrs. Landwehr the $6,300.00 in rental payments. Accordingly, this assignment of error is without merit.
We now turn to the assignments of error of the appellee.
APPELLEE ASSIGNMENTS OF ERROR NUMBER 1
The appellee contends that the trial court erred in failing to insert the actual formula of Sims v. Sims, 358 So.2d 919 (La.1978) with the pertinent data in its judgment regarding the division of Mr. Landwehr's federal retirement pension as opposed to merely citing the case name of Sims in the judgment.
*757 It appears that in order for the federal government to enforce the judgment as rendered by the trial court it is necessary that the exact formula be inserted into the judgment. We find no problem in inserting the actual formula as delineated in Sims v. Sims, supra at page 924 into the judgment rendered by the trial court. Accordingly, we remand this issue to the trial court so that it may insert the necessary information.
APPELLEE ASSIGNMENT OF ERROR NUMBER 2
The appellee further argues the trial court erred in ordering Mrs. Landwehr to contribute 50% of the necessary contribution to repurchase any years of retirement of Mr. Landwehr.
Mr. and Mrs. Landwehr were married on August 21, 1954 and the petition for separation was filed on April 16, 1984. The years available for repurchase are from October 24, 1955 to February 23, 1965. Since these years fall within the time period of the community regime we do not feel that the trial judge committed manifest error in ordering a 50% contribution to the repurchase by Mrs. Landwehr. Accordingly, this assignment of error is without merit.

AFFIRMED IN PART; REVERSED IN PART; REMANDED IN PART.