552 So.2d 636 (1989)
Robert Curtis FREEMAN, Appellee,
v.
Mary Helen Kilpatrick FREEMAN, Appellant.
No. 20910-CA.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1989.
*637 Paul Henry Kidd, Jr., Monroe, for appellee.
Donald R. Brown, Monroe, for appellant.
Before HALL, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is an appeal of a community property partition. Pursuant to LSA-R.S. 9:2801, the trial court allocated the assets and liabilities of the former community, considered the parties' respective claims for reimbursement, and calculated an equalizing sum of money which Mrs. Freeman owed to her former husband. Mrs. Freeman appealed, contesting one item of reimbursement to Mr. Freeman; he answered the appeal, urging various errors. Mrs. Freeman filed a reply brief responding to the answer and purporting to raise further errors. We find merit in several issues properly advanced. We therefore affirm the judgment of the trial court insofar as it allocated the assets and debts of the estate; however, we amend the judgment with the effect of increasing the total amount due Mr. Freeman and remand the case for entry of a plan of payment.

Facts and Action of Trial Court
Robert and Mary Freeman were married in 1962. During their marriage they acquired community property. They also had three children. Mrs. Freeman petitioned for legal separation in November 1980. She received a judgment of separation on May 14, 1981. In this judgment she was awarded custody of the children; Mr. Freeman was ordered to pay child support of $450 per month, as well as to pay the mortgage note on the former family home (together with other provisions not relevant to the appeal). The parties were finally divorced by judgment signed on October 6, 1983. The divorce judgment ordered Mr. Freeman to pay child support of $750 per month but did not order him to pay the house note.
In April 1986, Mrs. Freeman ruled her former husband into court for past-due child support. By written reasons filed on April 22, the court issued a warning to Mr. Freeman and gave him a $2,400 credit against arrearages for mortgage payments he made between October 1984 and April 1985. The court found a mutual agreement between the parties that Mr. Freeman *638 was to receive this credit against his child support payments.
On November 24, 1986, Mr. Freeman filed to partition the community estate. Trial was held on June 22, 1987 and reasons for judgment rendered on January 25, 1988. The trial court's reasons and figures are confusing in certain respects and contain several mathematical errors. We will summarize them only generally, and turn closer attention only to the points specifically raised by the parties.
The Freemans' net estate consisted of two immovables and various movables. The immovables included the former family home, which the parties valued at $82,000, and an undivided one-half interest in a 56-acre tract ("White's Ferry Road Property"), which the court valued at $13,950. The trial court found the mortgage balance on the family home, as of July 1, 1987, to be $25,754.32, leaving an equity of $56,245.68. The court therefore valued the net community estate at $77,520.68. It allocated the former family home (with its mortgage obligation) to Mrs. Freeman, and the interest in the White's Ferry Road Property (which was not encumbered) to Mr. Freeman. The movables, valued by the parties at $7,425, were divided in kind evenly between the parties except for a difference of $12.50 owed to Mr. Freeman. In order to correct the uneven asset allocation, the court calculated that Mrs. Freeman owed Mr. Freeman a cash equalization payment of $21,160.34. LRS-R.S. 9:2801(4)(c). This portion of the judgment is not challenged on appeal.
The parties also advanced claims for reimbursement. Mr. Freeman asserted 10 items. By reasons for judgment dated January 25, 1988, the trial court found he was entitled to reimbursement of $17,189.69. The trial court's treatment of four of these is the subject of Mr. Freeman's second assignment of error. Mrs. Freeman asserted seven items. After analyzing these claims, the trial court concluded Mrs. Freeman was entitled to reimbursement of $22,775.38.
Taking into account the cash equalization payment and the respective claims of reimbursement, the trial court calculated that Mrs. Freeman owed Mr. Freeman a total sum of $15,921.66.
At the request of both parties, the court prepared amended reasons for judgment, filed May 4, 1988. The court corrected a math error in Mrs. Freeman's reimbursement claim and increased her reimbursement for home repairs. The court also corrected a math error in Mr. Freeman's reimbursement amounts. The court refused, however, to overturn its decision to allow Mr. Freeman's reimbursement claim of $16,098.76 for mortgage payments. Without showing its calculations, the court concluded that Mrs. Freeman would owe Mr. Freeman a total of $25,797.22, less one-half of all mortgage payments made by her since the date of the court's prior calculations.
Dissatisfied with the amended reasons, Mrs. Freeman filed a motion to reopen the evidence, which was denied. A judgment of partition was signed and filed on July 19, 1988. Mrs. Freeman then moved for a partial new trial; this was also denied.
Mrs. Freeman brought the instant appeal from the July 1988 judgment only, advancing one assignment of error:
(1) The trial court erred in giving Mr. Freeman credit for mortgage payments he made as part of a court-ordered child support scheme.
Mr. Freeman answered the appeal, advancing five assignments of error:
(1) The trial court erred in not awarding him legal interest on the cash equalization award;
(2) The trial court erred in classifying four reimbursement claims as "community debts";
(3) The trial court erred in awarding Mrs. Freeman reimbursement of $8,807.62 for home mortgage payments when she proved payments of only $4,799.63;
(4) The trial court erred in its overall math calculation; and
(5) The trial court erred in reimbursing Mrs. Freeman for mortgage payments since January 25, 1988, since *639 this amounted to continuing and ongoing reimbursement.
Mrs. Freeman then filed a reply brief urging several additional errors in the trial court's plan of partition. We note at the outset that our procedural law provides that a party who seeks to have the trial court's judgment revised, modified, set aside or reversed may bring an appeal. LSA-C.C.P. art. 2082. If the appellee seeks modification, revision or reversal of the judgment, he may answer the appeal. LSA-C.C.P. art. 2133. There is no provision for allowing an appellant, by reply brief, to advance new issues not raised by the original appeal. To allow this would invite an endless sequence of counter-appeals; judicial economy should prohibit this except in extraordinary cases. In fact, our court rules expressly provide:
The appellant may file a reply brief if he has timely filed an original brief but it shall be strictly confined to rebuttal of points urged in the appellee's brief. No further briefs may be filed except by leave of court. URCA-Rule 2-12.6 (emphasis added).
See also 5 C.J.S. Appeal & Error, § 1333 (1958).
Mrs. Freeman's reply brief is not confined to rebutting the answer to appeal; it seeks to raise new issues. We decline to consider the new sub-issues raised by Mrs. Freeman's reply brief. Our discussion will be limited to the issues properly raised.

Mrs. Freeman's Assignment of Error
By her assignment of error, Mrs. Freeman argues the trial court erred in awarding reimbursement to Mr. Freeman for payments he made on the mortgage from the date of the separation judgment to the effective date of the divorce judgment.
The separation judgment, dated May 14, 1981, ordered Mr. Freeman to pay $450.00 per month in child support and to pay the mortgage note on the family home. The divorce judgment, effective July 1, 1983, increased the child support award to $750.00 per month and did not require Mr. Freeman to make the house note.
The partition was tried on June 22, 1987 and reasons for judgment rendered on January 25, 1988. In its reasons, the trial court computed that Mr. Freeman paid a total of $16,098.76 in mortgage payments, for which he was entitled to reimbursement. Of this amount, Mrs. Freeman claims that part was paid between the date of separation and the effective date of the divorce; she contends that this portion of the payments were part of the child support scheme established by the separation judgment and therefore not reimbursable. See Patin v. Patin, 462 So.2d 1356 (La. App.3d Cir.1985), writ. denied, 466 So.2d 470 (La.1985).
By his reply brief, Mr. Freeman advances three grounds why Mrs. Freeman's argument is meritless. He first urges that the documents on which Mrs. Freeman's position are based were offered into evidence for a limited purpose only and that Mrs. Freeman cannot later use them for another purpose. He cites authority that supports this claim. See, e.g., Covington v. Prudential Ins. Co., 136 So.2d 731 (La. App.2d Cir.1961). Mr. Freeman offered the record in Freeman v. Freeman, No. 125,115, into evidence for the stated purpose of proving the date the community terminated. We are not convinced, however, that he limited its use to this purpose when he offered it at the instant trial. See R.p.p. 217-218, 271-272. We therefore find that his "limited purpose" argument does not succeed in keeping the prior judgments from our consideration.
His second contention is that Mrs. Freeman should be barred from disputing this particular claim of reimbursement because she did not advance it as an affirmative defense. We do not feel that this defense, based on the interpretation of two judgments, constitutes an affirmative defense. See LSA-C.C.P. art. 1005. Though this record is full of discrepancies, we conclude the better resolution is to consider the evidence properly admitted and render, on that basis, a judgment that is just, legal and proper. LSA-C.C.P. art. 2164. Mr. Freeman's first two objections to his wife's *640 assignment of error will not block a consideration of the merits.
His third contention is based on the merits. Mrs. Freeman points out that the divorce judgment does not order Mr. Freeman to pay the house note but increases his child support by roughly the same amount as the house note which he owed under the separation judgment. She argues that this creates the inference that the house note was intended as an element of child support all along, even though the separation judgment is silent as to such an intent.
We have carefully examined the record of this case as well as the judgments of separation and divorce in the record of Freeman v. Freeman, No. 125,115. The separation judgment does not specify that the house note is to be considered as additional child support. We note that this judgment was by stipulation, so Mrs. Freeman presumably agreed to its wording. At trial, Mrs. Freeman offered no evidence, documentary or parol, that would support her belated "new" position. When Mr. Freeman offered evidence to prove that he made these house note payments, she did not object on grounds that they were child support and therefore not reimbursable. She also did not testify that the parties understood the house note payments to be a part of Mr. Freeman's child support obligation. A plain reading of the judgment, together with the lack of contradictory evidence, creates the reasonable inference that the mortgage obligation was simply a community debt which Mr. Freeman was ordered to pay to preserve the major community asset. LSA-C.C. arts. 2366, 2367. Absent a clear showing, we will not presume that the parties intended something other than what the separation judgment says. The evidence does not support Mrs. Freeman's contention that the house payments were part of the child support scheme. Dupre v. Dupre, 522 So.2d 694 (La.App.5th Cir.1988), writ. denied, 523 So.2d 1341 (La.1988).
We must finally note, along with Mr. Freeman, that Mrs. Freeman did not advance her "new" position as to these payments until seven months after trial. She then moved to reopen the evidence and for a new trial; both were denied. She does not assert these denials as error, so we will not consider them. We nevertheless observe that the denial of motion for new trial is highly discretionary with the trial court; under the circumstances, we would perceive no abuse of discretion. LSA-C.C.P. art. 1972.
This assignment does not present reversible error.

Mr. Freeman's Assignment No. 2
By this assignment Mr. Freeman claims the trial court erred in classifying the four following items as "community debts" instead of "reimbursement claims":
(1) Central Bank note
(2) Louisiana Bank note
(3) American Bank note
(4) Federal and State income taxes for 1980
At trial Mr. Freeman offered proof that he was entitled to reimbursement for all four debts. All four obligations arose during the existence of the community and he paid them off with separate funds after the community ended. This entitled him to reimbursement of one-half of the separate funds thus expended. LSA-C.C. art. 2365; Michel v. Michel, 484 So.2d 829 (La.App.1st Cir.1986). Mr. Freeman paid the Central Bank notes of $4,169.90 and $12,276.35, for a total of $16,457.25, after the community terminated. R.p.p. 170-172. He paid off the Louisiana Bank debt by checks dated October 20, 1981 and March 4, 1981; these checks totaled $3,929.17. R.p.p. 175. He paid the balance of the American Bank debt, $5,041.83, after the community ended. R.p.p. 176-177. In brief, Mrs. Freeman admits that Mr. Freeman was entitled to reimbursement for these items. Reply Br., 20. The trial court was plainly wrong in not reimbursing Mr. Freeman for one-half of the separate property he expended on these obligations.
Mr. Freeman's state income tax debt of $78.85 is not contested. He paid his federal income tax by levy after the community *641 ended. He testified at trial that the government's figures, Form 668-W (dated October 25, 1984), stated that he owed $9,622.31 as of December 30, 1980. Mr. Freeman argues that he actually paid $10,552.07 toward his 1980 federal tax debt. The trial court disagreed and held that Mr. Freeman satisfactorily proved he paid only $9,622.31 for 1980; there was insufficient proof that the additional amount was a community debt. This finding is not manifestly erroneous, although the court inadvertently classified this item as a "community debt."
Mrs. Freeman argues by an additional assignment of error that her husband's actual tax liability for 1980 was only $6,813.41, citing a later Form 668-W. This request for modification, however, was not advanced until she filed her reply brief. For reasons already expressed, we will not consider it.
The trial court was not plainly wrong in computing the amount of the tax claim as $9,701.17 (total for federal and state taxes), but erred in classifying it simply as an existing community debt, without further consideration. The tax liability was incurred during the existence of the community, but Mr. Freeman paid it after termination with separate assets; it is therefore a reimbursement claim. C.C. art. 2365. Mr. Freeman is entitled to reimbursement of one-half the amount he paid for the taxes; he is entitled to reimbursement of one-half what he paid on the other three items as well. The judgment will be amended accordingly.

Mr. Freeman's Assignment No. 3
By this assignment Mr. Freeman contends the trial court erred in awarding Mrs. Freeman a reimbursement of $8,807.62 for home mortgage payments (admittedly a community debt) with her separate property after termination of the community. He claims she proved payments of only $4,799.63.
The separation judgment ordered Mr. Freeman to make payments on the mortgage beginning November 1, 1980. This order was terminated by the divorce judgment, effective July 1, 1983, at which time Mrs. Freeman began making the monthly payments. Mr. Freeman resumed making payments in April 1984; he stopped in October 1985, according to both parties' testimony. Mrs. Freeman testified that she has made all payments since then and that the mortgage was current.
Mr. Freeman contends she did not prove the payment of every monthly note because several of the cancelled checks were not introduced. However, Mrs. Freeman testified that she did in fact pay them. Parol testimony is admissible to show the payment of an obligation required to be in writing. Dambly v. Duconge, 4 So.2d 616 (La.App.1st Cir.1941). Moreover, Mr. Freeman did not testify that he paid them. Given this evidence, the trial court was not clearly wrong in calculating Mrs. Freeman's mortgage payments at $8,807.62. She is entitled to reimbursement for one-half of this amount. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Michel v. Michel, supra.

Mr. Freeman's Assignment No. 5
By this assignment Mr. Freeman urges the trial court erred in awarding Mrs. Freeman "continuing and ongoing reimbursement rights" after the community had been partitioned.
This issue centers around Paragraph 5 of the judgment of July 19, 1988, which states that "Mr. Freeman will reimburse Mrs. Freeman for one-half of all mortgage payments made by her in connection with the family home since January 25, 1988." In its amended reasons the court did not explain the reason for this reimbursement or state when it would end. The judgment itself is open to interpretation that reimbursement could be intended to extend after the judgment of partition. We believe, however, the reimbursement was intended to cover the period from January 25 until July 19, 1988, and include payments of $2,288.40.
We admit to some perplexity over the trial court's rationale for this reimbursement. The court valued the house and computed the mortgage balance as of the date of trial, pursuant to R.S. 9:2801; but judgment came over one year later, on *642 July 19, 1988. The court apparently concluded that to compensate for the unusual delay in effecting this partition, equity demanded an adjustment for the mortgage payments Mrs. Freeman made between the original reasons for judgment and the actual date of judgment. We are not prepared to hold this was an abuse of the trial court's wide latitude in directing a fair distribution under LSA-R.S. 9:2801. Cf. Hall v. Hall, 460 So.2d 1053 (La.App.2d Cir.1984). Based on this record and the arguments advanced, we will not disturb this element of the judgment.

Mr. Freeman's Assignment No. 1
By this assignment Mr. Freeman claims the trial court erred in failing to award him legal interest on the total amount awarded, from date of judicial demand. The total amount represents that equalizing sum that Mrs. Freeman owed him as a result of the unequal distribution of property, adjusted by the difference between the parties' respective reimbursement claims. Mr. Freeman argues he is entitled to legal interest on the total amount even though he did not specifically request it in petition.
LSA-R.S. 9:2801(4)(c) provides that in ordering the allocation and calculating the equalizing sum, the trial court shall direct the terms and conditions of payment. Interest would be a term or condition of the payment plan. The instant judgment has no directions as to terms and conditions. We will therefore remand the case for entry of an equitable payment plan. Gilley v. Ketchens, 478 So.2d 638 (La.App.2d Cir.1985); Barry v. Barry, 501 So.2d 897 (La.App.5th Cir.1987). This plan may include mortgages, notes or interest, within the trial court's discretion.

Mr. Freeman's Assignment No. 4
By this assignment Mr. Freeman complains of mathematical and substantive errors; in essence, he requests a recalculation of the reimbursement amounts, equalizing sum and the total award. Because of the variety of errors we have refigured the entire award.
The net value of the community estate as of the date of trial, including the two immovables and the movables, is $77,620.68. Each party is therefore entitled to a $38,810.34 share.
The trial court allocated to Mrs. Freeman assets worth $59,970.68, and to Mr. Freeman worth $17,650.00. Mrs. Freeman therefore owes Mr. Freeman an equalizing sum of money in the amount of $21,160.34.
Mr. Freeman proved his right of reimbursement for separate funds used to satisfy the following community obligations:

(1) Central Bank $16,457.25
(2) Louisiana Bank 3,929.17[*]
(3) American Bank 5,041.83
(4) Federal and state taxes 9,701.17
(5) Home mortgage payments
 on family home 16,198.76[*]
(6) Home repairs 849.03
(7) Property taxes 204.58[*]
 __________
 TOTAL $52,381.79

Under LSA-C.C. art. 2365, Mr. Freeman is to be reimbursed for one-half of this amount, or $26,190.90.
Mrs. Freeman proved her right of reimbursement for separate funds used to satisfy the following community obligations:

(1) Mortgage payments on
 home $ 8,807.62
(2) Additional mortgage payments
 allowed by the
 court from 1/25/88-7/19/88 2,288.40[*]
(4) Separate funds used for
 construction of home 13,641.79
(5) Home repairs 2,530.04
 __________
 TOTAL $27,388.38

Under art. 2365, Mrs. Freeman is to be reimbursed for one-half of this amount, or $13,694.19. Mrs. Freeman is also entitled to $583.75 for a right-of-way payment affecting the White's Ferry Road property. Mr. Freeman testified that he still owed her this. R.p. 226. Mrs. Freeman is therefore entitled to total reimbursements of $14,277.94.
The net reimbursement owed to Mr. Freeman by Mrs. Freeman is the difference, *643 $11,912.96. There are sufficient community assets to allow this reimbursement.
The total sum owed to Mr. Freeman by Mrs. Freeman is $33,073.30. The judgment will be amended accordingly.

Conclusion
We therefore affirm the judgment of July 19, 1988 insofar as paragraphs 2, 3, 6, 7, 8, 9 and 10 are concerned. We amend the judgment with respect to the other paragraphs and recast and render them collectively to read as follows:
IT IS HEREBY ORDERED: That Mary Helen Kilpatrick Freeman pay unto Robert Curtis Freeman, the sum of Thirty-three thousand, Seventy-three dollars and .30/1.00 ($33,073.30) dollars, said sum representing an equalizing sum of Twenty-one thousand, One hundred, sixty and .34/1.00 ($21,160.34) Dollars, and net reimbursement of Eleven thousand, Nine hundred, twelve and .96/1.00 ($11,912.96) Dollars.
The case is remanded to the trial court for that court to direct the conditions and terms of payment in accordance with LSA-R.S. 9:2801(4)(c). Costs of appeal are assessed evenly between the parties.
AMENDED, AND AS AMENDED, AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[*] Items marked with the asterisk were clearly erroneous in the trial court's calculations, based on a simple inspection of the record. We have adjusted them on the authority of LSA-C.C.P. art. 2164.