580 So.2d 477 (1991)
Jane Elizabeth Parker, Wife of Richard A. GOINS
v.
Richard A. GOINS.
No. 90-CA-1095.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*478 D. Douglas Howard, Jr., Rachel M. Guidry, New Orleans, for plaintiff-appellee Jane Elizabeth Parker.
Theon A. Wilson, New Orleans, for defendant-appellant Richard A. Goins.
Before KLEES, and BYRNES, JJ., and HUFFT, J. Pro Tem.
KLEES, Judge.
Defendant, Richard A. Goins, appeals the District Court's judgment partitioning community property between him and the plaintiff, Jane Elizabeth Parker Goins. Defendant argues that the trial court erred in two respects: (1) By including as an asset of the community a 1986 Saab automobile which was leased rather than owned by the community; and (2) By awarding plaintiff reimbursement for defendant's rental of the family home through the date of the judgment, but awarding defendant reimbursement for mortgage payments on the home only through the date of trial. We will discuss each issue in turn.

1986 Saab Automobile
The lease in question provides for a forty-eight month term with a monthly rental fee of $437.13 and an option to purchase the vehicle for $7,621.44 at the end of the term. It also provides for a penalty if cancelled prior to the end of the term. Finally, the lease provides that the lessee will have "no equity or other ownership rights in the vehicle ... unless [the lessee] exercises the purchase option."
The lease was entered into in June of 1986, approximately three months prior to the termination of the community on September 12, 1986. The defendant kept and continued to use the automobile after the community terminated. The district court valued the automobile as a $20,000 asset of the community allocated to the defendant, and also awarded the defendant reimbursement for one-half the rental fees he paid on the vehicle from the date of termination of the community until the date of trial (a total reimbursement of $5682.69, which equals one-half of $437.13 paid for 26 months, from September 1986 through October 1988).
It is clear from the record that the trial court valued the automobile itself, not the lease, at $20,000. A lease is a contract which gives a party the right to the enjoyment or use of an object; it does not impart ownership. La.Civ.Code art. 2669; Gulf Refining Co. v. Glassell, 186 La. 190, 171 So. 846 (1936). We view the instant contract as a true lease under R.S. 9:3306(26), because it does not contain an option to purchase "for no or nominal consideration"; rather, the lessor must pay a substantial sum to purchase the vehicle upon termination of the lease.
Community property comprises property which is acquired or owned during the existence of the community. La.Civ.Code art. 2338. At the time of the termination of the community, the leased 1986 Saab was not community property. Therefore, the trial judge's inclusion of the vehicle in the partition of the community property was manifest error.
We agree with the defendant that the lease itself had no value because the right to use the vehicle was conditioned upon the payment of a monthly fee. At the time the community terminated, no equity had built up in the vehicle, and the *479 parties had the choice of turning in the vehicle and paying the penalty, which would have been a community obligation, or continuing to use the vehicle and continuing to pay the rent. The record reflects that the defendant chose to keep the vehicle for his own use. He therefore became responsible for the monthly rental fee at that point.
Because we find that the Saab was not a part of the community, the district court's judgment must be altered to reduce the value of the net community by $20,000; to reduce the net value of the assets to which each party is entitled by $10,000; and to subtract $20,000 from the net value of assets received by the defendant Richard Goins. Moreover, the reimbursement of $5,682.69 given to defendant for one-half the rental payments he made on the car from the date of termination of the community until the date of trial is improper because the car was not an asset of the community, and therefore when the community ended, Richard Goins became personally obligated to pay for his continued rental of the car. Accordingly, the net value of assets to which defendant is entitled must be reduced by $5682.69 and the net value of assets to which plaintiff Jane Goins is entitled must be increased by the same amount in order to cancel out the improper reimbursement.

Family Home
Defendant's other assignment of error concerns the trial court's awards of reimbursement relative to the family home. In essence, defendant contends that it was unfair for the court to award plaintiff rental reimbursement for a longer period of time than the period in which he was given reimbursement for mortgage payments while he had exclusive use and occupancy of the family home. He maintains that there is precedent for reimbursement of mortgage payments between the date of trial and the entry of judgment, but no such precedent exists for reimbursing fair rental value during the same period. In support, defendant cites Freeman v. Freeman, 552 So.2d 636 (La.App. 2d Cir.1989) and Landwehr v. Landwehr, 547 So.2d 752 (La.App. 4th Cir.1989). For the following reasons, we disagree.
LSA-R.S. 9:308(C) provides in pertinent part:
C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property ... shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
LSA-R.S. 9:308(C). R.S. 9:308(C) leaves assessment of the rental factor to the discretion of the courts. Mara v. Mara, 513 So.2d 1220, 1223 (La.App. 4th Cir.1987).
In Freeman, 552 So.2d 636, the court permitted reimbursement for mortgage payments between the dates of trial and final judgment, over one year later. Explaining, the Second Circuit stated:
The [trial] court apparently concluded that to compensate for the unusual delay in effecting this partition, equity demanded on adjustment for the mortgage payments [appellant] made between the original reasons for judgment and the actual date of judgment. We are not prepared to hold this an abuse of the trial court's wide latitude in directing a fair distribution under LSA-R.S. 9:2801.
Id. at 642 (emphasis added). In Landwehr, 547 So.2d 752, this Court awarded the former wife rental payments as compensation for the former husband's exclusive use of the community home from the time the wife left the marital home (one month prior to suit for separation) until trial. The Court stressed the trial judge's discretion in assessing rent as the facts warrant. Id. Similarly, in Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir.), writ denied, 466 So.2d 470 (1985), the Third Circuit affirmed the trial court's judgment charging the wife for her exclusive use of the community home from the date of termination of the community until the judgment of partition. Id. at 1358. These decisions demonstrate that there are no set rules. As the *480 Third Circuit stated in Queenan v. Queenan, 492 So.2d 902, 915 (La.App. 3rd Cir.1986),
[T]he trial court is given broad discretion in settling and adjudicating upon the community regime. Thus, in the interest of equity and justice it would be within the discretion of the ... court to delineate any reasonable time or date for purposes of shearing off, or, for an effective date of a particular transaction, provided that the facts and circumstances of the particular case rendered such time or dates appropriate in order to effect a fair and equitable partition and division between the parties.
Id. (emphasis added).
In the instant case defendant occupied the family home exclusively from the time the parties physically separated to the present. Trial on the partitioning of community property was held on October 27, 1988, approximately twenty-five and one-half months after termination of the community. Judgment was rendered on December 21, 1989, fourteen months later. Defendant believes it is inequitable to award the plaintiff rental reimbursement for his exclusive use and occupancy of the family home through the date of judgment (thirty-nine and one-half months), while only awarding him reimbursement for mortgage payments through the date of trial (approximately twenty-five and one-half months). Plaintiff's award amounted to $7,900.00. Defendant was awarded $8,279.18. The difference between the two is $379.18. In defendant's estimation, both awards should be terminated on the same date. Assuming the date of trial was chosen, defendant's award would not change. Plaintiff's award, however, would be reduced to $5,100.00, a difference of $3,179.18. This discrepancy is due to the fact that the amount of rent assessed the defendant was considerably less than the monthly mortgage payment on the home.
The trial court must consider all the facts and circumstances of the parties before making its decision. LSA-R.S. 9:2801(4)(c). It is probable that the court chose the differing dates in an attempt to "equalize" the parties' positions with regard to the family home. We find that the trial court's decision was well within the bounds of its discretion. We therefore affirm the judgment in this respect.

CONCLUSION
Accordingly, the judgment of the district court is hereby altered in the following respects: (1) The value of the net community is reduced from $173,574.31 to $153,574.31, a difference of $20,000; (2) The net value of assets to which defendant Richard Goins is entitled is reduced by $15,682.69 ($10,000 to reflect the value of the Saab plus $5682.69 to cancel out the improper reimbursement); (3) The net value of assets to which plaintiff Jane Goins is entitled is reduced by $4317.31 (Subtracting $10,000 for the Saab and adding 5682.69 to cancel out the reimbursement); (4) The net value of assets received by defendant Richard Goins is reduced by $20,000 to $107,050.12; and (5) The overage owed by Richard Goins to Jane Goins is reduced from $32,322.00 to $28,004.97. In all other respects, the judgment is affirmed.
AFFIRMED IN PART AND REVERSED IN PART.