BYRNES, Judge.
In this divorce action Katherine deMont-luzin Martinez appeals the trial' court’s judgment of October 31, 1991 which retroactively terminates permanent alimony and awards reimbursement to Robert Martinez for home mortgage and insurance payments. We affirm as amended.
*726 The civil district court initially rendered a judgment of partition on June 21, 1988 which both parties appealed. This Court affirmed in part, reversed in part and amended the judgment in Martinez v. Martinez, 556 So.2d 668 (La.App. 4th Cir.1990), writ denied 560 So.2d 23 (La.1990). Pursuant to LSA-C.C.P. art. 2251, Mr. Martinez filed a Motion to Make Executory Money Judgment Out of Judgment of Partition of Property and attached a Recalculation of Cash Accounts. After a hearing on June 19, 1990, by judgment of October 31, 1991 the district court ordered Ms. deMontluzin to repay Mr. Martinez $50,000 plus interest from January 30, 1990 until repaid for the retroactive termination of permanent alimony; $35,237.89 plus interest from the date each payment was made until paid for reimbursement for mortgage payments; and $3,345.50 plus interest from the date each payment was made until repaid for insurance on 6009 St. Charles Avenue which was reallocated to Ms. deMontluzin by this court. After a motion for new trial was denied, Ms. deMontluzin appealed the October 1991 judgment.
At issue is whether the trial court erred in ordering Ms. deMontluzin to reimburse Mr. Martinez when this court did not include those claims in its recapitulation of the community property partition.
This court altered the district court judgment by classifying the St. Charles Avenue house as community property subject to Mr. Martinez’s reimbursement claim and allocating the house to Mrs. Martinez. Martinez, supra, 556 So.2d at 677. This Court stated that:
The record indicates that the lower apartment in the house earns $1,500 per month in rent. The mortgage note is $507, leaving Ms. deMontluzin a balance of almost $1,000 per month for living expenses. The trial court’s permanent alimony award for $1,100 is no longer necessary since Ms. deMontluzin has not shown a need for more than $1,000 per month for living expenses. Martinez, supra, 556 So.2d 676.
This Court reversed the judgment awarding Ms. deMontluzin permanent alimony.
Because this court did not order Ms. deMontluzin to repay the alimony which she had received prior to its decision reallocating the house to her, Ms. deMontluzin asserts that this court terminated alimony as of the date of its pronouncement. Mr. Martinez argues that when alimony is modified, it is retroactive to the date of the petition pursuant to LSA-R.S. 9:310. In Hogan v. Hogan, 549 So.2d 267, 274 (La.1989), the Louisiana Supreme Court stated:
... To help dispel doubts, it should be noted that if a court of appeal finds that the trial court abused its discretion and proceeds to make a de novo determination on the merits that alimony should be modified, its decision is governed by the provisions of La.R.S. 9:310 and should be retroactive to the filing date of the petition for alimony, unless there is good cause to bar such retroactivity and fix a different effective date.
This court made a de novo determination on the merits that alimony should be modified. Because we did not articulate the effective date as to the termination of permanent alimony, the district court correctly fixed the date retroactive to the filing date of the petition.
Ms. deMontluzin also argues that Mr. Martinez’s claim for reimbursement for mortgage payments and insurance is barred because the appellate court’s decision is a final and definitive judgment which is res judicata under LSA-R.S. 13:4231. Mr. Martinez avers that he did not brief or demand reimbursement previously in his initial appeal because the trial court had allocated the house to him before this court reallocated the house to Ms. de-Montluzin. He contends that the trial court has only computed a money judgment capable of being executed based on the reallocation of the house to Ms. deMontluz-in.
Louisiana C.C.P. art. 1951 provides:
Amendment of Judgment
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
*727 (1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
In Naquin v. Naquin, 572 So.2d 1075 (La.App. 5th Cir.1990), the Court found that the appendix valuating various benefit plans partitioned in an earlier judgment was null and void because it was added after the original judgment was appealed and it resulted in a change in the substance of the prior judgment in violation of LSA-C.C.P. art. 1951. However, in Dodd v. Dodd, 568 So.2d 1134 (La.App. 5th Cir. 1990), the appellate court held that the district court’s issuance of an amended domestic relations order, rendered pursuant to a community property partition judgment, did not affect the substance of the prior decision. The trial court’s interpretation of the values stated in the judgment to adjust the amounts did not contradict the terms of the judgment upon which it was based. In the present case the recalculation of the mortgage payments does not affect the substance of the appellate court decision and is not barred by res judicata. This court reallocated to Ms. deMontluzin the St. Charles Avenue property and the mortgage debt of $39,290.98 which was the balance of the mortgage loan listed in the district court’s judgment initially partitioning the property, which had allocated the home and mortgage to the former husband.
Mr. Martinez states that since that time, he has paid the mortgage notes in the amount of $35,237.29 and insurance in the sum of $3,345.50, from September 1, 1985 until he was divested of ownership of the house by Judgment of June 21, 1988. However, in Exhibit “A” attached to Mr. Martinez’s motion to make executory the money judgment out of the partition of the community, Mr. Martinez lists $35,237.29 for “mortgage payment (9/1/85 thru 5/1/ 90)” and $2,882.98 as “house insurance (9/1/85 thru 5/6/90)” due to him from Ms. deMontluzin. [Emphasis added.] The district court ordered Ms. DeMontluzin to repay those two amounts plus interest from the date of each payment until repaid.
On appeal Ms. deMontluzin argues that Mr. Martinez was ordered to pay the mortgage, taxes and insurance on the house as part of his alimony pendente lite obligation in accordance with the July 24, 1985 judgment and such payments are not subject to reimbursement. The former wife states that from October 1987, when the parties were divorced, until April 1990, when the trial court made the appellate decision executory, Mr. Martinez paid mortgage notes and taxes in the amount of $19,737.86, as well as insurance in the sum of $2,192.50. Ms. deMontluzin avers that during that period of 30 months Mr. Martinez also received the monthly rental of $1,500, totalling $45,000, which he should pay to her. Ms. deMontluzin asserts that she should receive the rental of $45,000 minus the $21,930.36 Mr. Martinez paid for mortgage, taxes and insurance, leaving a balance of $23,069.64 owed to her.
In Freeman v. Freeman, 552 So.2d 636 (La.App. 2d Cir.1989), the court held that the separation judgment did not specify that the house note was to be considered additional child support. Freeman concluded that a reading of the judgment together with a lack of contradictory evidence created a reasonable inference that the mortgage obligation was a community debt which the husband was ordered to pay to preserve the community pursuant to LSA-C.C. arts. 2366 and 2367. See also Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir.1980), writ denied 396 So.2d 883 (La.1981); Larsen v. Larsen, 583 So.2d 854 (La.App. 1st Cir.1991), writ denied 590 So.2d 63 (La.1991); Dupre v. Dupre, 522 So.2d 694 (La.App. 5th Cir.1988), writ denied 523 So.2d 1341 (La.1988).
The judgment of July, 1985 in the present case provided in part:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiff, KATHERINE D. MARTINEZ, be and she is hereby awarded the use and occupancy of the former matrimonial domicile, 6009 St. Charles Avenue, New Orleans, Louisiana, pending further orders of this Court.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ROBERT T. MARTINEZ shall pay alimony *728 pendente lite to plaintiff, KATHERINE D. MARTINEZ, in the full and true sum of $1,250 per month, payable on the first day of each and every month, commencing July 1, 1985. Moreover, ROBERT T. MARTINEZ shall maintain plaintiff, KATHERINE D. MARTINEZ, on his major medical and hospitalization insurance; he shall pay the house note and house insurance on the former matrimonial domicile.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that KATHERINE D. MARTINEZ be and she is hereby allowed to continue to collect the rent on the apartment at 6007 St. Charles Avenue, New Orleans, Louisiana, and to retain that rent for living expenses without the necessity of accounting therefor.
In the judgment of July 10, 1986, the district court stated in part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Katherine de Montluzin Martinez and against Robert T. Martinez ordering Robert T. Martinez to pay to Katherine de Montluzin Martinez (1) the past due alimony pendente lite at the rate of $1250.00 per month; (2) the monthly house note for the family home; (3) the rental receipts to have been collected by Katherine de Montluzin Martinez; and (4) the homeowner’s insurance and hospitalization insurance to be maintained by Robert Martinez all for the months of March, April, May, and June, 1986, plus legal interest from due date of each amount, and all costs of these proceedings.
With respect to the above judgments, the mortgage and insurance obligation is a community debt which the husband was ordered to pay to preserve the community during litigation. The community is terminated retroactively to the date the original petition for separation was filed. LSA-C.C. 159; Fouchi v. Fouchi, 547 So.2d 1140 (La.App. 5th Cir.1989), writ denied 552 So.2d 385 (La.1989), reconsideration denied 556 So.2d 31 (La.1990). Therefore, Mr. Martinez should be reimbursed for the mortgage and insurance payments from the date the petition for separation was filed. When the community was terminated, the outstanding mortgage was $39,-290.98, which was the figure provided in the district court’s original judgment of partition dated September 1988, and in the appellate court decision of January 1990. The record reflects that the trial court did not err when it determined that Ms. de-Montluzin must reimburse Mr. Martinez $35,237.89 for the mortgage liability and $3,345.50 for insurance payments that Mr. Martinez expended on the St. Charles Avenue property allocated to Ms. deMontluzin.
The original district court judgment partitioning the property and the appellate court decision did not address the issue of payment to Ms. deMontluzin for rental income collected by Mr. Martinez for the 6007 St. Charles Avenue apartment after the divorce, although Mr. Martinez had been ordered to pay the rental income to his former wife prior to the divorce judgment. Ordering payment of the rental income is a substantive change in the appellate decision. If, after a partition, a discovery is made that property was not included, the partition can be supplemented. LSA-C.C. arts. 1380 and 1401. In Mailhes v. Mailhes, 579 So.2d 1003 (La.App. 5th Cir.1991) writ denied 586 So.2d 563 (La.1991), the parties’ failure to include the husband’s retirement benefits in a community partition was properly corrected by a supplemental partition. See also Rollison v. Rollison, 541 So.2d 375 (La.App. 2d Cir. 1989); Hare v. Hodgins, 567 So.2d 670 (La.App. 5th Cir.1990), writ granted 571 So.2d 638 (La.1990), judgment aff’d. in part, reversed in part on other grounds (La.1991). Although the issue of payment to Ms. deMontluzin of the rental income was raised in a summary proceeding, a contradictory hearing was held on June 19, 1990. We therefore consider that the proceeding encompassed a hearing on a petition for a supplemental partition. Because she was allocated the St. Charles Avenue property, Ms. deMontluzin should receive payment from Mr. Martinez for the rental income she claims in the amount of $45,000 for 30 months from October 1987, the date of the divorce judgment, until April, 1990 *729 when the appellate court judgment was made executory.
Accordingly, we amend the district court’s judgment of October 31, 1991, and order Mr. Martinez to pay Ms. Katherine deMontluzin Martinez $45,000 plus interest from the» date each rental payment was collected from October 1987 until April, 1990 until paid. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED